Aaron, J., Concurring.
*765 Marsh intentionally severed the brake lines of the intended victim's vehicle, with the apparent intention that the victim drive the vehicle in that condition. Marsh contends that there is insufficient evidence to support his conviction for assault with a deadly weapon because there is no substantial evidence that he used the vehicle in a manner likely to produce great bodily injury, and that the trial court erred in instructing the jury on the meaning of the phrase "deadly weapon" by telling the jury that a "deadly weapon other than a firearm" could be an object that is "inherently deadly" (as opposed to one that "is used in such a way that it is capable of causing and likely to cause death or great bodily injury"). The majority concludes that there is sufficient evidence to support Marsh's conviction for assault with a deadly weapon because, as in People v. Russell (2005) 129 Cal.App.4th 776, 28 Cal.Rptr.3d 862, in which the defendant pushed another person into the path of an oncoming vehicle, Marsh used the victim's vehicle as a deadly weapon. The majority further concludes that because vehicles are not inherently deadly, the trial court erred in instructing the jury that a "deadly weapon" could be an object that is "inherently deadly," but deems this instructional error harmless.
I would conclude instead that an automobile that has had its brake lines severed constitutes an inherently deadly weapon and, on that basis, I would reject Marsh's contentions on appeal.[1]
*493 I therefore concur in parts I and III of the majority opinion, and I concur in the result in part II.

I specifically disagree with the majority's rejection of the standard of harmlessness set forth in People v. Aledamat (2018) 20 Cal.App.5th 1149, 1154, 229 Cal.Rptr.3d 771, review granted July 5, 2018, S248105, which requires reversal when "there is no basis in the record for concluding that the jury relied on the alternative definition of 'deadly weapon' (that is, the definition looking to how a noninherently dangerous weapon was actually used)." However, that standard would have no application in a situation in which, because of its condition, the vehicle was inherently dangerous.